2CANNELLA, Judge.
Plaintiffs, David Moldthan (David), individually and on behalf of his minor child, Candice Moldthan (Candice), and Stacy Moldthan, appeal from a summary judgment granted in favor of defendants, John Rapp, Monica Rapp and their insurer, General Accident Insurance Company of America (General Accident). For the reasons which follow, we reverse in part and remand for further proceedings.
At about 11:28 p.m., on February 29,1992, David and Candice were traveling westbound on Jefferson Highway in Jefferson Parish, Louisiana, when their automobile was struck by another vehicle which was being driven by Charles Krasniak (Krasniak). At the time of the accident, the Krasniak vehicle was owned by Budget Rent-A-Car (Budget) and rented to John A. Rapp. Krasniak was listed on the rental agreement as an additional driver. Krasniak had hbeen driving in an easterly direction on Jefferson Highway when he attempted to make a U-turn at West Imperial Drive and crashed into plaintiffs; Monica Rapp, John Rapp’s daughter and Krasniak’s girlfriend, was a guest passenger in the Krasniak vehicle. When Officer Eric L. Cro-vetto of the Jefferson Parish Sheriff’s Office arrived on the scene, Krasniak was unable to respond to questioning. A field sobriety test was administered and Krasniak’s alcohol level registered .162%.
The exhibits indicate that earlier that day, John Rapp went to Budget and rented the vehicle involved in the accident. John Rapp used a credit card in the name of “John Rapp, d/b/a John Rapp Builders” and received a corporate rate on the rental. Krasniak was listed on the rental agreement as an additional driver and was the driver of the vehicle at the time of the accident. In brief, the defense states that Rapp rented the vehicle so that Krasniak and his daughter could have transportation over the Mardi Gras holidays to attend parades.
Plaintiffs filed suit against Krasniak, John A.. Rapp, individually and d/b/a J. Rapp Builders, Monica Rapp, Budget and State Farm Insurance Company (State Farm), plaintiffs’ uninsured/underinsured motorist (UM) carrier. Thereafter, by supplemental petitions, General Accident was added as a defendant in its capacity as UM carrier and liability insurer of John Rapp.
John Rapp, individually and d/b/a as J. Rapp Builders, Monica Rapp and General Accident jointly moved for summary judgments. John Rapp, individually and d/b/a J. Rapp Builders argued that Krasniak was not employed by them, had no legal relationship to them, was not on a mission for them and was no one for whom they were vicariously liable. Monica Rapp contended that she could not be held liable for Krasniak’s actions as she exercised no control |4over Krasniak’s conduct in the operation of the vehicle and was merely a passenger in the vehicle at the time of the accident. General Accident argued that if neither of its insureds were liable then it could not be held liable.
A hearing was held on the summary judgments on June 20,1997 and, after taking the matter under advisement, judgment was rendered by the trial court on July 3, 1997, granting the summary judgments in favor of all three parties. It is from these judgments that plaintiffs appeal.
*1189 On appeal plaintiffs argue that the trial court erred in granting the summary judgments in favor of these three defendants because there are material issues of fact, and defendants are not entitled to judgment as a matter of law.
More specifically, plaintiffs argue that under La. R.S. 22:1406(F), Louisiana law specifically mandates coverage for an accident such as the one in the instant case involving a rental vehicle.
At the time of the rental and accident, La. R.S. 22:1406(F) provided:
Every insurance company, reciprocal or exchange, authorized to write automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental private passenger automobiles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle.[1] (Emphasis provided.)
5John Rapp rented the vehicle involved in the accident that resulted in plaintiffs’ injuries. At the time of the rental, he owned at least one vehicle which was insured by General Accident. Therefore, under the clear wording of the statute “all such insurance coverage in effect in the original policy” would apply to the “rental private passenger automobile.” The policy provided coverage to any person using a covered auto with permission. The rental vehicle is covered by the policy as mandated by La. R.S. 22:1406(F). With John Rapp’s permission, Krasniak was driving the automobile that John Rapp rented. Therefore, Krasniak would be covered under John Rapp’s personal automobile liability policy with General Accident and General Accident would be ha-ble for injuries sustained by plaintiffs in the accident up to its policy limits.
General Accident argues that coverage is not mandated by La. R.S. 22:1406(F) in this case because the rental vehicle, under the circumstances of this ease, would not fit the policy definition of a temporary substitute vehicle. However, General Accident fails to consider the next clause in the statute which mandates coverage not only for “temporary substitute motor vehicles as defined in the applicable insurance policy” but also for “rental private passenger' automobiles.” Contrary to General Accident’s argument, we find that the reference in the statute to rental vehicles in addition to “temporary substitute vehicles as defined in the applicable insurance policy” indicates a Legislative intent that rental automobiles be covered, even if not so defined in the policy.
We find further support for our interpretation of La. R.S. 22:1406(F) in the public policy of this state, adopted and evidenced in numerous statutes recently enacted, mandating automobile insurance coverage for all drivers in this state. The position espoused by General Accident is contrary to that public | (¡policy. Under General Accident’s argued position, an insured (John Rapp) could rent a vehicle and then turn it over to one without insurance (Krasniak), who could not himself have rented the vehicle, thereby allowing him to drive without insurance coverage. In our view, that scenario is precisely what La. R.S. 22:1406(F) was mandating against.
*1190 Therefore, we find that the trial court erred in granting the summary judgment in favor of General Accident because it is not entitled to judgment as a matter of law.
Plaintiffs also contend that the trial court erred in granting the summary judgment in favor of John Rapp and Monica Rapp. More specifically, they argue that John Rapp may have rented the vehicle on behalf of his business and that Monica Rapp should be held liable as a guest passenger in the vehicle because she likely knew of. Krasniak’s intoxicated state. We disagree.
As found by the trial court, there is no showing of any legal relationship between Krasniak and John Rapp, or J. Rapp Builders which would impose vicarious liability on John Rapp for Krasniak’s actions. In deposition, John Rapp unequivocally stated that Krasniak was not nor had he ever been an employee of J. Rapp Builders.
Concerning Monica Rapp’s alleged liability, previous cases have held that absent some special relationship between the passenger and the driver that creates an equal right in the passenger to control the driver’s operation of the vehicle, liability cannot be imposed against the guest passenger merely because of knowledge or awareness of the intoxicated condition of the driver. Danos v. St. Pierre, 383 So.2d 1019 (La.App. 1st Cir.1980), affirmed, 402 So.2d 633 (La.1981).
|7In this case, while it is true that Monica Rapp’s father rented the vehicle, he did not turn control of the vehicle over to her. To the contrary, he specifically turned the vehicle over to Krasniak, by listing Krasniak as an additional driver on the rental agreement and not Monica Rapp. Thus, there was no equal right in the passenger, Monica Rapp, to control Krasniak’s operation of the vehicle.
In both the cases cited and relied on by plaintiffs, the liable passenger was also the person who had been entrusted with control over the vehicle. Hasha v. Calcasieu Parish Police Jury, 651 So.2d 865 (La.App. 3rd Cir.1995); Sledge v. Continental Casualty Co., et al., 639 So.2d 805 (La.App. 2nd Cir.1994). We find that the present case is distinguishable from these eases because Monica Rapp was not given the control over the rental vehicle.- The vehicle was turned over to Krasniak directly even though it was Monica Rapp’s father who had rented the vehicle.
Accordingly, for the reasons set out above, we reverse the trial court ruling insofar as it granted summary in favor of General Accident and affirm the summary judgments in favor of John Rapp individually and d/b/a J. Rapp Builders and Monica Rapp. Costs of appeal are assessed against General Accident.
REVERSED IN PART AND AFFIRMED IN PART.

. La. R.S. 22:1406(F) was amended and reenacted by Act 951 or the 1997 Legislative Session to read as follows:
F. Every insurance company, reciprocal or exchange, automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental private passenger automobiles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.