846 So.2d 44 (2003)
Ann GLOVER and Karen Walker
v.
AMERICAN NATIONAL INSURANCE COMPANY.
No. 02-CA-1213.
Court of Appeal of Louisiana, Fifth Circuit.
April 8, 2003.
*45 George B. Recile, Chehardy, Sherman, Ellis, Breslin, Murray & Recile, Metairie, LA, for plaintiffs-appellees.
Steven B. Witman, Vallerie Theng Matherne, Metairie, LA, for defendant-appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
The trial court granted plaintiffs' partial motion for summary judgment finding uninsured motorist coverage extended to them as guest passengers in a rented vehicle. Defendant appealed. For the following reasons, we affirm.

STATEMENT OF THE CASE AND FACTS
The following facts are not in dispute. Plaintiffs, Ann Glover and Karen Walker, were guest passengers in a vehicle rented and driven by Deanna Baroni. In December 2001, the vehicle was rear-ended in Florida by a vehicle operated by Samuel Loftin.[1] Plaintiffs filed suit against Baroni's personal automotive insurer, American National Property and Casualty Company, ("ANPAC"), alleging Loftin was an underinsured motorist as defined by La. R.S. 22:1406(d)(2)(b)[2], and seeking to invoke coverage under her UM policy. ANPAC answered denying coverage for this accident. Thereafter, it filed a motion for summary judgment arguing its policy only provides uninsured/underinsured coverage for an "insured person" occupying an "insured car." It contended plaintiffs are not insured persons because they are not related to the actual insured person and the vehicle at issue is not an insured car because the rental was not a "temporary substitute car" as required under its policy. In response, plaintiff opposed the motion and filed a motion for partial summary judgment asserting that La. R.S. 22:1406(F)[3] extends coverage for this accident *46 to them. In support, plaintiffs relied on this Court's opinion in Moldthan v. Krasniak, 97-1013 (La.App. 5 Cir. 2/25/98), 708 So.2d 1187.
After a hearing, the trial court denied ANPAC's motion for summary judgment but granted plaintiffs' partial motion for summary judgment designating it as a final judgment. This devolutive appeal followed.

DISCUSSION
ANPAC argues that partial summary judgment was inappropriate because coverage is not mandated by La. R.S. 22:1406(F) in this case. It contends that the plaintiffs are not insureds under its policy and that the rental vehicle at issue does not fit the policy definition of a temporary substitute vehicle such that UM coverage should be extended to plaintiffs in this case. Because we find that plaintiffs would be covered as insureds under the ANPAC policy had plaintiff been driving her own vehicle, we conclude the fact that ANPAC's insured, Deanna Baroni, was driving a rental vehicle does not exclude plaintiffs from coverage in this case.
ANPAC's argument concerning the rental vehicle does not consider the complete language of La. R.S. 22:1406(F), which requires coverage not only for "temporary substitute motor vehicles as defined in the applicable insurance policy" but also for "rental private passenger automobiles." As this Court found in Moldthan v. Krasniak, 97-1013 (La.App. 5 Cir. 2/25/98), 708 So.2d 1187, we likewise find that the reference in the statute to rental vehicles in addition to "temporary substitute vehicles as defined in the applicable insurance policy" indicates a Legislative intent that rental automobiles be covered, even if not so defined in the policy. Id. at 1189. Therefore, under the clear wording of the statute "all such insurance coverage in effect in the original policy" would apply to the rental vehicle. Thus, the plaintiffs and the rental vehicle are covered by the policy as mandated by La. R.S. 22:1406(F). Accordingly, the judgment of the trial court is affirmed.

CONCLUSION
For the aforementioned reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The parties do not dispute that the vehicle was rented for the express purpose of transporting the occupants for a trip to and from Disney World in Orlando, Florida.
[2] La. R.S. 22:1406(D)(2)(b) provides:

(b) For the purposes of this coverage the term uninsured motor vehicle shall, subject to the terms and conditions of such coverage, also be deemed to include an insured motor vehicle when the automobile liability insurance coverage on such vehicle is less than the amount of damages suffered by an insured and/or the passengers in the insured's vehicle at the time of an accident, as agreed to by the parties and their insurers or as determined by final adjudication.
[3] La. R.S. 22:1406(F) provides:

F. Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental private passenger automobiles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source. [Emphasis added]