942 So.2d 694 (2006)
Jerry W. REYNOLDS and Peggy Reynolds, Plaintiffs-Appellees,
v.
U.S. AGENCIES CASUALTY INSURANCE COMPANY, Allstate Insurance Company and Jarrod D. Jacob, Defendants-Appellants.
No. 41,598-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
Hudson, Potts & Bernstein, by Mark J. Neal, Monroe, Donald H. Ziegler, for Defendant-Appellants, U.S. Agencies and Jarrod D. Jacob.
G. Larry Arbour, for Defendant-Appellee, Allstate Insurance Company.
Travis M. Holley, for Plaintiffs-Appellees, Jerry W. and Peggy Reynolds.
Before GASKINS, CARAWAY and DREW, JJ.
*695 GASKINS, J.
This matter involves insurance ranking between USAgencies Casualty Insurance Company, Inc. (USAgencies), and Allstate Insurance Company (Allstate). The insurance companies each filed motions for summary judgment. USAgencies appeals from a trial court ruling which rejected its motion for summary judgment and granted summary judgment in favor of Allstate, finding that USAgencies' policy provided primary coverage. For the following reasons, we affirm the trial court judgment.

FACTS AND PROCEDURAL HISTORY
Jarrod D. Jacob owned a truck which was insured by USAgencies. On June 30, 2005, he was involved in an accident and his truck was not safe to drive. He borrowed a 1995 pickup truck from his grandmother. This truck was insured by Allstate. Mr. Jacob did not live with his grandmother and is not an insured under her policy.
The next day, on July 1, 2005, while driving his grandmother's truck, Mr. Jacob rear-ended a vehicle driven by the plaintiff, Jerry W. Reynolds. Mr. Reynolds filed suit claiming injuries and property damage. His wife, Peggy Reynolds, asserted a claim for loss of consortium.
Allstate answered the plaintiffs' petition, claiming that Mr. Jacob borrowed the truck from his grandmother until his vehicle was repaired. Therefore, the truck was a "temporary substitute" motor vehicle under La. R.S. 22:681, and Mr. Jacob's insurer, USAgencies, was the primary insurer for the damages sustained by the plaintiffs.[1] USAgencies also answered the plaintiffs' claim, asserting that, under the terms of its insurance policy, coverage for the borrowed vehicle was secondary to the Allstate policy.
Allstate filed a motion for summary judgment, based on its argument that La. R.S. 22:681 requires that USAgencies provide primary coverage for a "temporary substitute" motor vehicle such as the one borrowed from Mr. Jacob's grandmother. The parties stipulated that the accident was caused solely through the fault of Mr. Jacob and that the total value of the judgment did not exceed his policy limits with USAgencies. Therefore, Allstate asserted that it was not required to provide any coverage for this accident and should be dismissed from the suit.
USAgencies filed its own motion for summary judgment, arguing that the term "temporary substitute" motor vehicle is not defined in its policy. Therefore, the company claimed that La. R.S. 22:681 is not applicable to this case. USAgencies asserted that its policy provides only excess coverage for "non-owned" vehicles, which would include the truck Mr. Jacob borrowed from his grandmother.
*696 The USAgencies policy defines a "non-owned" auto as:
any auto, other than your insured auto, which is not owned by or furnished or available for regular use by you, a family member, or an additionally listed driver.
The policy further provides:
For coverage we provide under this Part for your insured auto, if there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. For any coverage we provide under this Part for a non-owned auto, such coverage shall be excess over any other collectible insurance with the exception of an auto which is a rental private passenger automobile rented by you, which for the limited purpose of this paragraph shall be treated the same as your insured auto to the extent required by law. However, if other automobile insurance coverage is purchased for such rental private passenger vehicle, our coverage shall be excess over such collectible coverage. [Emphasis supplied.]
At a hearing on the motions, the trial court granted summary judgment in favor of Allstate, denied the motion filed by USAgencies, and certified the matter as a final judgment. USAgencies appealed.

LEGAL PRINCIPLES
Resolution of the issues raised in this matter requires an interpretation of La. R.S. 22:681. An interpretation of a statute is a question of law that may be decided by a motion for summary judgment. State Farm Mutual Automobile Insurance Company v. U.S. Agencies, L.L.C., XXXX-XXXX (La.App. 1st Cir.3/24/06), 934 So.2d 745, writ denied, XXXX-XXXX (La.6/16/06), 929 So.2d 1288.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Costello v. Hardy, XXXX-XXXX (La.1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La. C.C.P. art. 966(A)(2); Mosley v. Temple Baptist Church of Ruston, Louisiana, Inc., 40,546 (La.App.2d Cir.1/25/06), 920 So.2d 355.

DISCUSSION
USAgencies argues that the trial court committed legal error by granting summary judgment in favor of Allstate. According to the company, because it chose not to include "temporary substitute" vehicle as a defined term in its policy, and because it chose to extend only excess coverage to "non-owned" vehicles, La. R.S. 22:681 has no application to this matter.
This same issue involving USAgencies was recently considered by the first circuit in State Farm Mutual Automobile Insurance Company v. USAgencies, L.L.C., supra. The court explored the principles of statutory interpretation:
Legislation is the solemn expression of the legislative will; therefore, the interpretation of a statute primarily involves the search for the legislature's intent. LSA-C.C. art. 2; Denham *697 Springs Economic Development Dist. v. All Taxpayers, Property Owners, 04-1674 (La.2/4/05), 894 So.2d 325, 330. The interpretation of a statute begins with the language of the statute itself. Denham Springs, 894 So.2d at 330. Louisiana Civil Code article 9 instructs that when a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written. LSA-C.C. art. 9; Denham Springs, 894 So.2d at 330.
However, when the language of a statute is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. Safeway Insurance Co. of Louisiana v. State Farm Mutual Automobile Insurance Co., 36,853 (La.App. 2 Cir. 3/5/03), 839 So.2d 1022, 1025. When a statute is ambiguous or when its literal construction produces an absurd or unreasonable result, the letter must give way to the spirit of the law and the statute construed to produce a reasonable result. Fontenot v. Chevron U.S.A. Inc., 95-1425 (La.7/2/96), 676 So.2d 557, 562.
State Farm Mutual Automobile Insurance Company v. U.S. Agencies, L.L.C., 934 So.2d at 747-748.[2]
The first circuit concluded that the provisions of La. R.S. 22:681, mandating that USAgencies provide primary coverage for "temporary substitute" vehicles, are clearly mandatory. To allow the statute to apply only if an insurer chose to define "temporary substitute" vehicle would lead to an absurd result.[3] The first circuit stated that a statute must be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intention of the legislative history in enacting it.
The court determined that, according to the legislative history of the statute, the legislature intended to require the extension of all insurance coverage an individual possesses on his own vehicle to the use of a rental vehicle or a "temporary substitute" vehicle. The court noted that it was not the intention of the legislature to allow an insured to opt out of the mandate of the statute by failing to define "temporary substitute" vehicle.
USAgencies argued, as it does in the present case, that it complied with the statute because "temporary substitute" vehicle was included in the definition of a "non-owned" vehicle. Under the parties' freedom to contract, the company argued that it extended only excess coverage to "non-owned" vehicles. The first circuit rejected that argument, finding that the conflicting language of the USAgencies policy must yield to the statutory law of La. R.S. 22:681.
The concurring opinion in State Farm Mutual Automobile Insurance Company v. U.S. Agencies, L.L.C., supra, noted that the decision changes the long-standing practice in the insurance industry and provides that where the driver of a "temporary substitute" vehicle is at fault in an accident, the primary liability insurer of the vehicle owner is now secondary.
*698 We find that the reasoning of the first circuit in State Farm Mutual Automobile Insurance Company v. U.S. Agencies, L.L.C., supra, is sound and "is on all fours" with the issues raised in the present case. USAgencies is bound by the provisions of La. R.S. 22:681 to provide primary coverage where its insured is at fault in causing an accident while driving a "temporary substitute" vehicle. The trial court properly granted summary judgment in favor of Allstate and rejected the motion by USAgencies.

CONCLUSION
For the reasons stated above, we affirm the trial court decision granting summary judgment in favor of Allstate Insurance Company, dismissing it from the present case. We also affirm the trial court's action in denying the motion for summary judgment filed on behalf of USAgencies. All costs in this court are assessed to USAgencies.
AFFIRMED.
NOTES
[1] La. R.S. 22:681 provides:

Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental private passenger automobiles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source. [Emphasis supplied.]
This provision was originally enacted as La. R.S. 22:1406(F). It was redesignated as La. R.S. 22:681 by Acts 2003, No. 456, § 3.
[2] In Safeway Insurance Company of Louisiana v. State Farm Mutual Automobile Insurance Company, supra, this court found that the statute requires that all of the insured's insurance, liability, comprehensive, and collision, shall be primary on "temporary substitute" vehicles.
[3] In State Farm Mutual Automobile Insurance Company v. U.S. Agencies, L.L.C., supra, the first circuit noted that USAgencies defined "temporary substitute" vehicle in its policy until March 2002. Revisions to the policy then deleted the definition.