JiDUFRESNE, Judge.
This is an appeal by United Services Automobile Association (USAA) from a $12,845.81 judgment in favor of Budget Rent-A-Car Systems Inc. for damages to a car which Budget rented to an insured of USAA. Because we determine that pursuant to La. R.S. 22:1406(F) the insurance policy at issue provided coverage for the incident giving rise to this suit, we affirm the judgment of the trial court.
The facts are not in dispute. James McBride, USAA’s insured, rented a car from Budget in his own name, but solely for the purpose of lending it to Jason Carr, his daughter’s date for the prom. Carr said that he had tried to rent a car himself, but had been refused because he did not have a credit card. McBride gave no admonition to Carr that he should not permit anyone else to drive the vehicle, and after the prom he allowed a friend, Jon Eberly, a minor, to do so. Unfortunately, Eberly ran off the road and hit a telephone pole, totally demolishing the car. Budget sued Jon Eberly’s father and his insurer, Allstate Insurance Company, as well as James McBride and his insurer, USAA Alstate was dismissed from the suit on summary judgment 12because it was found that its policy did not provide coverage for the accident. That judgment was not appealed. After submission of the matter on the above facts, judgment was entered against USAA under the collision portion of the policy issued to McBride. USAA now appeals.
All automobile insurance policies issued in this state are considered as containing all provisions required by statute, Simms v. Butler, 97-0416 (La.12/2/97), 702 So.2d 686. Among these statutes is La. R.S. 22:1406(F), which states pertinently:
Every insurance company, reciprocal or exchange, authorized to write automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental private passenger automobiles any and all such *1354 insurance in effect in the original policy or policies.
There is no dispute that the USAA policy in question here provided collision coverage to McBride’s vehicles. By operation of the statute, which must be considered as part of that policy, such coverage is extended to any private passenger automobile rented by McBride. Clearly, then, USAA was properly cast in judgment for the loss of the automobile under this policy.
USAA argues to the contrary, and relies on the following language in its policy to support its position:
“Your covered auto’ as used in this Part includes use of any non-owned vehicle, but only if you or your family member reasonably believe use of the vehicle was with the permission of the owner and within the scope of that permission.
It contends that because Budget did not give permission to anyone but UMcBride to use the vehicle, its use by Eberly placed it outside the reach of the coverage. While that might be a reasonable argument in the absence of La. R.S. 22:1406(F), that statute mandates the result reached by the trial judge. It says unambiguously that the insurer shall extend to private rental passenger automobiles any and all coverage in effect in the original policy. Here, had McBride’s own automobile been involved, there is no question that coverage would have existed, Perkins v. McDow, 615 So.2d 312 (La.1993). That being the case, the same coverage was extended under the statute to the car rented by McBride. To rule otherwise would be to circumvent the clear language of the statute and thus violate public policy.
USAA also relies on the ruling in Simms v. Butler, supra, as support for its position. However, the facts of that case are distinguishable from those before us. There, the question was whether the insurer of the unauthorized driver was liable under its policy. Although the court did not refer to La. R.S. 22:1406(F), it is evident that that statute did not apply because the insured had not rented the vehicle. Here, USAA’s insurer was the person renting the car, and by operation of the statute the coverage of his policy automatically extended to the rented vehicle.
For the foregoing reasons, the judgment of the district court is hereby affirmed.

AFFIRMED.