# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-650

**ANNA LEVY AND NORMAN TRAHAN**

**VERSUS**

**ENTERPRISE LEASING COMPANY OF NEW ORLEANS**

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2007-0954
HONORABLE PATRICK MICHOT, PRESIDING
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Oswald A. Decuir, Judges.

**REVERSED AND REMANDED.**

L. Clayton Burgess, A.P.L.C.
605 West Congress Street
P.O. Drawer 5250
Lafayette, LA 70502-5250
(337) 234-7573
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Anna Levy and Norman Trahan

Katherine M. Loos
Briney & Foret
P.O. Drawer 51367
Lafayette, LA 70505-1367
(337) 237-4070
COUNSEL FOR DEFENDANT-APPELLEE:
    Enterprise Leasing Company of New Orleans

**COOKS, Judge.**

On February 25, 2006, Norman Trahan was driving a 2000 Lincoln in which Anna Levy was riding as a guest passenger. Leon Boutte was driving a 2006 Chevrolet Malibu he rented from Enterprise Leasing Company of New Orleans at its Lafayette, Louisiana location. Boutte pulled his vehicle out in front of Trahan's vehicle, causing Trahan to swerve and hit a pole. Both Trahan and Levy suffered injuries as a result of the collision. At the time of the accident, Boutte did not have automobile insurance. Boutte also did not purchase supplemental liability protection from Enterprise when he rented the vehicle at issue.

Suit was filed by Trahan and Levy against Boutte and Enterprise for the injuries sustained in the accident. Enterprise filed a Motion for Summary Judgment seeking to dismiss it from the case arguing that Boutte did not buy rental insurance for the vehicle he leased from Enterprise and that, pursuant to Louisiana law at that time, Enterprise's own insurance carrier is not liable for any judgment rendered against any person it leased a vehicle to, even if that person did not have any insurance when it rented the vehicle. Enterprise cited Paragraph 7 of the *Rental Agreement*, which stated as follows:

> 7. **Responsibility to Third Parties.** Owner complies with applicable motor vehicle financial responsibility laws as a state certified self-insurer, bondholder, or cash depositor. Except to the extent required by the motor vehicle financial responsibility laws of the applicable state or otherwise by law, Owner does not extend any of its motor vehicle financial responsibility or provide insurance coverage to Renter, Additional Authorized Driver(s), passengers or third parties through this Agreement. If valid automobile liability insurance or self insurance is available on any basis to Renter, Additional Authorized Driver(s) laws or any other driver and such insurance or self insurance satisfies the applicable state motor vehicle financial responsibility law, then Owner extends none of its motor vehicle financial responsibility. However, if Renter and Additional Authorized Driver(s) are in compliance with the terms and conditions of this Agreement and if Owner is obligated to extend its motor vehicle financial

-1-

responsibility to Renter, Additional Authorized Driver(s) or third parties, then Owner's obligation is limited to the applicable state minimum financial responsibility amounts. Unless required by law, Owner's financial shall not extend to any claim made by a passenger while riding in or on or getting in or out of Vehicle. Owner's financial responsibility shall not extend to liability imposed or assumed by anyone under any worker's compensation act, plan, or contract.

Enterprise argues its policy did not extend its financial responsibility to cover the acts of renters as set forth in the terms and conditions of the *Rental Agreement*. Enterprise argues Louisiana's financial responsibility law as a self-insurer. According to its standard rental agreement, Enterprise did not provide supplemental liability protection unless a renter elected such protection by initialing the block requesting same and paid for that service. Mr. Boutte did not initial the block requesting supplemental liability protection nor did he pay for such services.

In opposition to this argument, Plaintiffs noted the newly amended La.R.S. 22:681, which now mandates that all rented vehicles be covered by some form of insurance, is interpretive and should be applied retroactively. Enterprise countered that the amendment made a substantive change in the law and thus could only be applied prospectively. The trial court agreed with Enterprise and granted its Motion for Summary Judgment dismissing it from the plaintiffs' suit. This appeal followed.

**ANALYSIS**

Resolution of the issues raised in this matter requires an interpretation of La.R.S. 22:681. An interpretation of a statute is a question of law that may be decided by a motion for summary judgment. *State Farm Mutual Automobile Insurance Company v. U.S. Agencies, L.L.C.*, 05-0728 (La.App. 1 Cir. 3/24/06), 934 So.2d 745, *writ denied*, 06-933 (La. 6/16/06), 929 So.2d 1288.

Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is

appropriate. *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342 (La.1991); *Costello v. Hardy*, 03-1146 (La. 1/21/04), 864 So.2d 129. A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Summary judgment procedure is favored and is designed to secure the just, speedy and inexpensive determination of actions. La.Code Civ.P. art. 966(A)(2).

The trial court granted Enterprise's motion for summary judgment on the grounds that La.R.S. 22:681, prior to the 2007 amendment, did not require rental companies to provide insurance coverage for the leased vehicle. The trial court determined that it was the duty of the lessee to provide insurance coverage for the leased vehicle. Plaintiffs counter this argument by asserting the amendment to R.S. 22:861 was interpretive and should be applied retroactively.

Prior to amendment La.R.S. 22:681, which became effective on August 15, 2007, read in entirety as follows:

> Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental private passenger automobiles any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on multiple vehicles, at least one of which has comprehensive and collision insurance coverage, that comprehensive and collision substitute coverage shall apply to the temporary substitute motor vehicle or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.

We note initially the statute does not speak to vehicle owners, but rather references insurance companies. Every insurance company writing a policy covering the

liability of an owner also was required to extend such coverage to temporary substitute motor vehicles and rental private passenger automobiles. However, if other automobile insurance coverage was purchased by the insured for the temporary substitute motor vehicle or rental private passenger automobile, that coverage became primary and the other became secondary. La.R.S. 22:681 did not exclude, or for that matter, even mention the obligation of rental companies to maintain "compulsory insurance." There appears to be no serious dispute between the parties that Section A of the amended statute simply recites the former statute without making any material changes. The amendment, however, added Section B.[1]

---

[1] The statute now provides, in pertinent part, as follows (changes to Section A are italicized):

A. Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental *motor vehicles* any and all such insurance coverage in effect in the original policy or policies. Where an insured has coverage on *a single or* multiple vehicles, at least one of which has comprehensive and collision *or liability* insurance coverage, *those coverages* shall apply to the temporary substitute motor vehicle, as defined in the applicable insurance policy, or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage *or financial responsibility protection* is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.

B. A rental company, as defined in R.S. 22:2102(5), shall maintain security on all rental vehicles meeting the requirements of the Motor Vehicle Safety Responsibility Law, R.S. 32:851 et seq., as follows:

(1) Such security maintained by the rental company shall apply only when there is no other valid or collectible insurance or other form of security meeting the minimum financial responsibility requirements under the Motor Vehicle Safety Responsibility Law.

(2) Notwithstanding a rental company's obligation to provide minimum financial responsibility pursuant to the Motor Vehicle Safety Responsibility Law as the owner of the vehicle for the privilege of registering and titling such vehicle, a rental company shall be relieved of any security obligation under the Motor Vehicle Safety Responsibility Law when the renter or driver has valid and collectible insurance, self-insurance, bond, deposit, or other form of security in an amount sufficient to satisfy the minimum financial responsibility requirements of the Motor

The added Section B recites that rental companies are required to maintain security on all rental vehicles meeting the requirements of the Motor Vehicle Safety Responsibility Law. The remainder of the section then sets forth essentially a ranking order as to which coverage is primary or secondary between the rental car owner's insurer and the insurer providing collectible coverage to the driver or renter. It is the language referring to the rental car owner's obligation to maintain security on all rental vehicle which defendant now insists "substantively changed the law" and is not enforceable retroactively in this case.

The legislature did not express its intent concerning the retroactive or prospective application of the amendment to La.R.S. 22:681. Therefore, we must determine whether the amendment was substantive, procedural or interpretive. *Sudwischer v. Estate of Hoffpauir*, 97-785 (La.12/12/97), 705 So.2d 724.

> Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. Interpretative laws are those which clarify the meaning of a statute and are deemed to relate back to the time that the law was originally enacted. Procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws.

*Sudwischer*, 97-785, p. 9, 705 So.2d at 728 (internal citations omitted) (internal quotations omitted).

Procedural and interpretive laws apply both prospectively and retroactively, unless there is legislative expression to the contrary. La.Civ.Code art. 6. The supreme court in *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809 (La.1992), elaborated on the distinction: substantive laws create and/or change rights, duties and

Vehicle Safety Responsibility Law, when the claimant maintains uninsured or underinsured motorist coverage for bodily injury or property damage claims, or when the renter violates the terms or conditions of the rental agreement.

-5-

rules, while procedural laws provide the avenue by which those rights, duties, and rules are enforced. *Id.*

The legislature has historically required that the owner of every motor vehicle, before it is allowed to be registered for use on the highways, give security for any possible injuries to persons or property caused by the faulty operation of a motor vehicle by taking out a policy of motor vehicle liability insurance, or by depositing cash, bond or other securities, or by becoming certified as a self-insurer. This requirement is found in the Compulsory Motor Vehicle Liability Security Law, La.R.S. 32:861, which existed prior to the amendment of La.R.S. 22:681. It provides in pertinent part as follows:

> A. (1) Every self-propelled motor vehicle registered in this state [with the exception of certain classifications of vehicles] . . . shall be covered by an automobile liability policy with liability limits as defined by La.R.S. 32:900(B)(2) or 900(M), or a binder for same, or by a motor vehicle liability bond as defined by Subsection B of this Section, or by a certificate of the state treasurer stating that cash or securities have been deposited or securitized with said treasurer as provided by Subsection C of this Section, or by a certificate of self-insurance as provided by R.S. 32:1042.

"At the heart of this statutory scheme is the decision to attach the financial protection to the *vehicle* rather than to the operator." *Hearty v. Harris*, 574 So.2d 1234, 1237 (La. 1991). Thus, the owner of the vehicle, who is at all times required to maintain "an automobile liability policy" on any vehicle registered in this state cannot absolve itself of this duty simply by renting the vehicle to a third party. There was no exclusion for leased vehicles set forth in La.R.S. 32:861. Had the legislature intended to exclude rental cars from the Compulsory Insurance Law, it could have expressly provided so when it enacted La.R.S. 32:861. The excepted vehicle classifications were "those motor vehicles used as agricultural or forest vehicles during seasons when they are not used on the highways, those used primarily for

exhibit or kept primarily for use in parades, exhibits or shows, and lease-bound mobile rig haulers. . ." Pertinent to this case, commercial vehicles were not excluded from the Compulsory Motor Vehicle Liability Security Law.

It is well settled in our jurisprudence that in determining the applicability of laws, the more specific governs over the more general. *In the Interest of A.C.*, 93-1125 (La.1/27/94), 643 So.2d 719, 730, *cert. denied*, 515 U.S. 1128, 115 S.Ct. 2291 (1995). In short, the added language found in section B reciting that the rental company shall maintain security as required by La.R.S. 32:861 et seq., did nothing more than reference their then existing obligation to do so under the specific Compulsory Insurance Law. The remaining language in section B was procedural in nature and did not materially impose on rental car insurers a greater obligation than they had prior to the amendment.

The amendment to this section did not create or change any vested rights of the respective parties. The owner, here the rental company, had an obligation under the Compulsory Insurance Law to maintain insurance on the vehicle up to the statutory minimum, and the driver, as the tortfeasor, had a legal obligation to pay for the harm he caused.

Section B (1) also provides that "security maintained by the rental company shall apply only when there is no other valid or collectible insurance." Section B (2) further specifies the rental company's security is primed by a renter or driver's "valid and collectible insurance, self-insurance, bond, deposit, or other form of security in an amount sufficient to satisfy the minimum financial responsibility requirements of the Motor Vehicle Safety Responsibility Law, [a] claimant['s] . . . uninsured or underinsured motorist coverage for bodily injury or property damage claims, or when the renter violates the terms or conditions of the rental agreement."

These provisos seek to rank the order in which the responsible insurers must pay. La.R.S. 22:681 prior to the amendment provided "if other automobile insurance coverage is purchased by the insured for the temporary, substitute, or rental motor vehicle, that coverage shall become primary." The present amended language found in Section B does the same thing. It too is interpretive.

None of the language changes or additions to La.R.S. 22:681 increases or burdens the rental car companies prior obligation to maintain security.

## DECREE

For the above reasons, we hereby reverse the trial court's judgment granting of Enterprise's motion for summary judgment and dismissing with prejudice all claims of Plaintiffs. We remand the case for a full trial on the merits as to the liability for the alleged negligent acts of Leon Boutte. Costs of this appeal are assessed to appellee, Enterprise Leasing Company of New Orleans.

**REVERSED AND REMANDED.**