## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-552

**DONNA JOHNSON**

**VERSUS**

**ALLSTATE PROPERTY AND**

**CASUALTY INSURANCE COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,893
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar and Charles G. Fitzgerald, Judges.

**REVERSED AND REMANDED.**

**Philip G. Hunter**
**Taylor Degruise**
**Hunter & Beck**
**P. O. Box 11710**
**Alexandria, LA 71315-1710**
**(318) 487-1997**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Donna Johnson**

**Christina S. Slay**
**Kenneth Whittle**
**Bolen, Parker, Brenner, Lee & Miller**
**P. O. Box 11590**
**Alexandria, LA 71315-1590**
**(318) 445-8236**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Allstate Property and CasualtyInsurance Company**

**John William Penny, Jr.**
**Attorney at Law**
**600 Jefferson, Ste 601**
**Lafayette, LA 70501**
**(337) 231-1955**
**COUNSEL FOR DEFENDANT:**
    **Cedric Howard**

**KYZAR, Judge.**

Plaintiff, Donna Johnson, appeals the granting of summary judgment in favor of Allstate Property and Casualty Insurance Company in this personal injury claim resulting from a car accident, finding that the policy of insurance issued by Allstate provides no coverage for the accident and dismissing Allstate as a party to the lawsuit with prejudice. For the reasons herein set forth, we reverse the judgment of the trial court, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Donna Johnson, filed this suit alleging that she was injured in a motor vehicle collision on December 25, 2019, that was caused by the negligence of the driver of the other vehicle, Cedric Howard. At the time of the accident, Cedric was operating a 2019 Nissan automobile owned by EAN Holdings, LLC, that had been rented by his mother, Virginia Howard (Ms. Howard), from Enterprise Rent-A-Car (Enterprise). The vehicle had been rented from Enterprise after Ms. Howard's vehicle was taken in for repairs. Ms. Howard's personal vehicle was insured by Allstate, and Cedric was named as an additional driver under the Allstate policy.

Allstate answered Ms. Johnson's lawsuit, admitting that it issued a policy of insurance covering Ms. Howard and Cedric in the operation of her personal vehicle. It, however, generally denied the allegations of the petition as to Cedric's negligence and pled that the written policy of insurance is the best evidence of its contents and are "pled herein as if copied in extenso."[1]

On May 27, 2021, Allstate filed a motion for summary judgment, alleging that the vehicle driven by Cedric had been rented by his mother, Ms. Howard, from Enterprise, pursuant to a rental agreement, and that the agreement listed only Ms.

---

[1] The answer actually asserts that the policy covers Ms. Howard and "James C. Howard[.]"

Howard as a permissive driver. Cedric Howard was not listed as a permissive driver. Allstate claimed that its policy of insurance, issued to Ms. Howard, contained non-owed automobile coverage but that such coverage is extended only to a non-owned auto that is used by "you or a resident relative with the owner's express or implied permission[.]" While Cedric did have the permission of Ms. Howard to use the vehicle, Allstate asserted he did not have the express or implied permission of EAN Holdings, LLC, the owner, to operate the vehicle pursuant to the lease through Enterprise. Therefore, Allstate argued, there was no coverage for this accident.

Following a hearing on June 14, 2021, the trial court granted Allstate's motion for summary judgment. Formal judgment was signed on June 24, 2021, and this appeal followed. Herein, Ms. Johnson asserts two assignments of error as follows:

> 1. The trial court erred in finding that the Allstate policy provided no coverage to Cedric Howard for the damages sustained by the plaintiff.

> 2. The trial court erred in dismissing the plaintiff's claim against the defendant, Allstate.

## DISCUSSION

Ms. Johnson urges in assignment of error number one that the trial court erred in finding that the policy of insurance issued by Allstate provided no coverage for Cedric's operation of the rental motor vehicle at the time of the collision. She asserts within this argument that La.R.S. 22:1296 mandates that insurers extend the same coverage provided under the issued policy to rental and temporary substitute vehicles rented by an insured. Thus, she argues, once it is proven that Cedric is at fault in causing the accident, Allstate is liable for her damages, as he was an insured driver under the Allstate policy. In her second assignment of error, Johnson asserts that Louisiana law mandates coverage under the facts of the case, and, as such, the

2

trial court erred in dismissing her claim against Allstate with prejudice. As the arguments are intertwined, we address them together.

A summary judgment shall be granted "if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.." La.Code Civ.P. art. 966(A)(3). The standard of review on a motion for summary judgment is de novo. *Richard v. Turner*, 09-161 (La.App. 4 Cir. 7/1/09), 16 So.3d 523.

Statutory interpretations are questions of law. *Shell v. Wal-Mart Stores, Inc.*, 00-997 (La.App. 3 Cir. 3/21/01), 782 So.2d 1155, *writ denied*, 01-1149 (La. 6/15/01), 793 So.2d 1244. Being a question of law, which is not governed by the manifest error standard, an appellate court's review of statutory interpretation presents a legal issue and hinges on whether the trial court's decision is legally correct or incorrect. *Ducote v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96), 677 So.2d 1118. A question of law is reviewed by the appellate court under the de novo standard of review. *La. Mun. Ass'n v. State*, 04-227 (La. 1/19/05), 893 So.2d 809.

Questions of contractual interpretation are likewise questions of law, which are subject to a de novo standard of review. *Mitchell v. Patterson Ins. Co.*, 00-612 (La.App. 3 Cir. 12/6/00), 774 So.2d 366. "Contracts have the effect of law for the parties and may be dissolved only through the consent of the parties or on grounds provided by law." La.Civ.Code art. 1983. "Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046.

3

If the insurance policy's language clearly expresses the parties' intent and does not violate a statute or public policy, the policy must be enforced as written. However, if the insurance policy is susceptible to two or more reasonable interpretations, then it is considered ambiguous and must be liberally interpreted in favor of coverage. *Supreme Services & Specialty Co., Inc. v. Sonny Greer, Inc.*, 2006-1827 (La.5/22/07), 958 So.2d 634; *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180.

An insurance policy issued in Louisiana is considered to contain all the provisions required by statute. *Marcus v. Hanover Ins. Co.*, 98-2040 (La.6/4/99), 740 So.2d 603; *Simms v. Butler*, 97-0416 (La.12/2/97), 702 So.2d 686. Any policy provision that narrows or restricts statutorily-mandated coverage will not be enforced. *Marcus, supra*; *Block v. Reliance Ins. Co.*, 433 So.2d 1040 (La.1983). An insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. *Id.*

*Litton v. White*, 49,958, pp. 3-4 (La.App. 2 Cir. 7/1/15), 169 So.3d 819, 822, *writ denied*, 15-1653 (La. 1/15/16), 184 So.3d 705.

Louisiana Revised Statutes 22:1296(A) (emphasis added) provides for the extension of automobile liability insurance coverage to temporary substitute motor vehicles, and rental vehicles used as temporary substitutes, as follows:

A. Every approved insurance company, reciprocal or exchange, writing automobile liability, physical damage, or collision insurance, *shall extend to temporary substitute motor vehicles as defined in the applicable insurance policy and rental motor vehicles any and all such insurance coverage in effect in the original policy or policies*. Where an insured has coverage on a single or multiple vehicles, at least one of which has comprehensive and collision or liability insurance coverage, those coverages shall apply to the temporary substitute motor vehicle, as defined in the applicable insurance policy, or rental motor vehicle. Such insurance shall be primary. However, if other automobile insurance coverage or financial responsibility protection is purchased by the insured for the temporary substitute or rental motor vehicle, that coverage shall become primary. The coverage purchased by the insured shall not be considered a collateral source.

The Allstate policy issued to Ms. Howard defines "Insured Persons" as including:

(2) While using a non-owned auto:

a) you,

4

> b) any resident relative using a four-wheel private
> passenger auto or utility auto.

The policy further defines "Insured Autos" as including, among others, "[a] non -

owned auto used by you or a resident relative with the owner's express or implied

permission" so long as this auto is not "available or furnished for the regular use of

an insured person."

Allstate argues, and the trial court agreed, that these provisions exclude

coverage for Cedric Howard's operation of the rental car, a non-owned auto, on the

day of the accident, as he was not listed as an authorized operator of the vehicle in

the Enterprise lease. As stated, and as accepted as a matter of fact, only Ms. Howard

was authorized by Enterprise to operate the vehicle.

The question before us is best framed as whether La.R.S. 22:1296(A), through

its provision requiring "any and all such insurance coverage in effect in the original

policy" to "extend to temporary substitute motor vehicles as defined in the applicable

insurance policy and rental motor vehicles[,]" mandates coverage to all insureds

within the policy while driving the temporary substitute rented automobile,

regardless of the contractual restrictions between the lessor and lessee as set forth in

the rental contract. If it does, the Allstate policy provision denying coverage to such

insured drivers is void, as it would not comply with statutorily mandated coverage.

*Marcus v. Hanover Ins. Co.*, 98-2040 (La. 6/4/99), 740 So.2d 603.

> Legislation is the solemn expression of the legislative will;
> therefore, the interpretation of a statute primarily involves the search
> for the legislature's intent. LSA-C.C. art. 2; *Denham Springs Economic
> Development Dist. v. All Taxpayers, Property Owners*, 04-1674
> (La.2/4/05), 894 So.2d 325, 330. The interpretation of a statute begins
> with the language of the statute itself. *Denham Springs*, 894 So.2d at
> 330. Louisiana Civil Code article 9 instructs that when a law is clear
> and unambiguous and its application does not lead to absurd
> consequences, it shall be applied as written. LSA-C.C. art. 9; *Denham
> Springs*, 894 So.2d at 330.

5

However, when the language of a statute is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. *Safeway Insurance Co. of Louisiana v. State Farm Mutual Automobile Insurance Co.*, 36,853 (La.App. 2 Cir. 3/5/03), 839 So.2d 1022, 1025. When a statute is ambiguous or when its literal construction produces an absurd or unreasonable result, the letter must give way to the spirit of the law and the statute construed to produce a reasonable result. *Fontenot v. Chevron U.S.A. Inc.*, 95-1425 (La.7/2/96), 676 So.2d 557, 562.

*Reynolds v. U.S. Agencies Cas. Ins. Co.*, 41,598, pp. 4-5 (La.App. 2 Cir. 11/1/06), 942 So.2d 694, 696-97 (*citing State Farm Mut. Auto. Ins. Co. v. U.S. Agencies, LLC*, 05-728 (La.App. 1 Cir. 3/24/06), 934 So.2d 745).

In *State Farm Mut. Auto. Ins. Co.*, 934 So.2d 745, the court examined the legislative intent with regard to La.R.S. 22:681, the predecessor to La.R.S. 22:1296, wherein the defendant insurer, U.S. Agencies, argued that the statute only required the extension of coverage to "temporary substitute vehicles as defined in the applicable insurance policy[.]" stating:

> We have consulted the minutes and audio-recording of the House Commerce Committee meeting, as well as the minutes of the Senate Commerce Committee meeting, wherein the proposed legislation was debated. It is clear that the legislative intent behind LSA-R.S. 22:681 was to require the extension of all insurance coverage an individual possesses on his own vehicle to the use of a rental vehicle or a temporary substitute vehicle.

> The minutes and the audio-recording of the House Commerce Committee meeting held on June 7, 1989, reflect that Representative Stelly presented House Bill No. 1042 (subsequently enacted as 1989 La. Acts No. 438) to provide for the extension of an individual's insurance coverage to his use of a temporary substitute vehicle. Committee chairman, Representative Ensminger, questioned whether the language "temporary substitute vehicle" should be replaced with the term "rental vehicles" because it was the extension of coverage to "rental vehicles" that Representative Stelly was attempting to address. However, this suggested substitution was rejected, and all committee members ultimately approved an amendment to add the term "rental vehicles" after "temporary substitute vehicles." Thus, the proposed legislation would require the extension of coverage to both "rental vehicles" **and** non-rented "temporary substitute vehicles."

6

*Id.* at 748-49 (alteration in original). That court determined that based upon the legislative history, the legislature intended to require the extension of all insurance coverage an individual possesses on his own vehicle to the use of a rental vehicle or a temporary substitute vehicle. *Id.*

Plaintiff argues that Cedric Howard is an insured under the Allstate policy and, thus, Allstate is mandated under the provisions of La.R.S. 22:1296 to provide the same coverage for him as is applicable to the policy holders in regards to the substitute rental vehicle. There is no dispute that Cedric is listed as an insured driver under the Allstate policy.

Allstate disagrees and relies on the supreme court's decision in *Simms v. Butler*, 97-416 (La. 12/2/97), 702 So.2d 686, as support for its position that there is no coverage provided for Cedric's operation of the rental car in the instant case. In *Simms*, the plaintiff sued after being injured in an automobile accident when his car was struck by a rented vehicle operated by defendant Jason Butler. The vehicle Butler was driving had been rented from Alamo Rent A Car by a work colleague of his, Newton Moore. The rental agreement designated Moore as the only authorized driver. Nonetheless, on October 10, 1990, Moore gave Jason permission to drive the car unsupervised. That evening, while en route to Moore's hotel, Jason collided with the rear of Paul Simms's vehicle. Among other defendants, the plaintiff Simms sued Allstate Property and Casualty Insurance Company.

In *Simms*, Allstate had issued a personal automobile insurance policy to Jason's parents providing liability coverage for bodily injury and property damage. The policy provided that an insured would be covered while operating a non-owned vehicle only if such vehicle was used with the owner's permission. The supreme court set forth the policy language at issue in that case, as follows:

According to the policy, the term "Insured Persons" includes:

7

(2) While using a non-owned auto:

>  (a) you,

>  (b) *any resident relative* using a four wheel private passenger auto or utility auto. (Emphasis added).

"Insured Autos" includes:

>  (4) *A non-owned auto used by you or a resident relative with the owner's permission.* This auto must not be available or furnished for the regular use of an insured person. (Emphasis added).

*Id.* at 688.

The supreme court noted that the question central to the resolution of the dispute is whether Jason was driving an "insured auto" at the time of the accident. "Thus, in order to establish coverage under Allstate's policy, Simms must prove that the rental vehicle was being used with either the express or the implied permission of Alamo." *Id* at 689. The supreme court held that he was not.

>  In the rental agreement entered into by Moore, Alamo unequivocally limits those who are authorized to drive its vehicles. At the time Moore signed the rental agreement, he had the option to pay an additional fee in order to extend that authorization to Jason. Moore chose not to do so. Given these explicit restrictions, Moore did not have the authority to lend his rental vehicle to Jason. Hence, at the time of the accident, Jason was driving Alamo's car with neither the express nor the implied permission of the agency.

>  Absent permission, Jason was not driving an "insured auto" within the terms of Allstate's policy. Consequently, Allstate is not liable for damages resulting from the collision with Paul Simms. The court of appeal erred in holding otherwise. We must reverse.

*Id.*

We find *Simms* to be distinguishable from the facts at hand in this case. In *Simms*, Jason's parents did not rent the car that he was driving. It was not a temporary substitute rental automobile under the Allstate policy issued to his parents. In the case at hand, however, Ms. Howard rented the vehicle, as a temporary

8

substitute, and authorized her son Cedric, a named insured on her Allstate policy, to use the same to run a medical errand for her.

Liability coverage for the negligent driver of a rental vehicle may come from at least one of three sources: "(1) the rental company may provide liability protection under the rental contract, either by a conventional insurance policy or by self-insurance; (2) the renter and other drivers may be covered by the renter's personal auto insurance policy under the requirements of La. R.S. 22:1296 [footnote omitted] or (3) the personal auto policy of the driver, who is not the renter, may provide coverage for the non-owned auto." § 3:17. Permittees--Rental agreements, 15 La. Civ. L. Treatise, Insurance Law & Practice § 3:17 (4th ed.). In the instant case, Plaintiff relies on coverage provided to the renter, Ms. Howard, by Allstate as required by La.R.S. 22:1296.

Louisiana Revised Statutes 22:1296 sets forth the policy of our law that there must be liability insurance coverage even for rented automobiles, either through the automobile policy of the lessee, the insurer of the driver, or through the rental car company itself. Pursuant to the statute, there may be more than one policy providing coverage, with the lessor's coverage being deemed primary. While it is clear that the rental car company can restrict its coverage to only authorized users, even that has its limitations. (See *Czop v. White*, 11-310, 11-311 (La.App. 5 Cir. 12/28/11), 80 So.3d 1255, *writ denied*, 12-425 (La. 4/9/12), 85 So.3d 704, where the Fifth Circuit held that to allow a rental car company's rental agreement to provide for the termination of insurance coverage when the renter commits a traffic violation is against public policy as established through La.R.S. 22:1296.) In the present case, the insurance agency argues it could indeed exclude Cedric Howard as an insured under its coverage, as he was not authorized by the rental agency to drive the car. However, to permit Allstate to exclude Cedric, an insured under its policy with Ms.

9

Howard, would violate the express provisions of La.R.S. 22:1296; leaving no coverage at all for the negligent operation of the rental vehicle, precisely what the statute was designed to prohibit.

Here, Allstate provided liability insurance to Ms. Howard, who listed her son Cedric as an insured driver under her policy. She obtained a temporary substitute automobile when her insured automobile was out of service. She gave her son, an insured driver under her Allstate policy, permission to use the rental car. He unquestionably would have been covered while using the primary cars under the policy. Under the plain unambiguous language of the statute, Allstate is obligated to provide the same coverages to the temporary substitute rented automobile as was provided in the policy. *See State Farm Mut. Auto. Ins. Co.*, 934 So.2d 745. Thus, it is required to cover Cedric's use of the rental vehicle, notwithstanding the contractual restriction of Ms. Howard and the rental agency. Louisiana Revised Statute 22:1296 allows for no other interpretation. If the legislature did not intend this result, it is up to the legislature to change the wording thereof, not this court.

Our analysis is in accord with the Fifth Circuit's application of La.R.S. 22:1296 in *Budget Rent-A-Car Systems, Inc. v. Allstate Ins. Co.*, 707 So. 2d 1353 (La.App. 5 Cir. 1998). There, McBride, USAA's insured, rented a car from Budget. The auto was totaled while operated by McBride's permittee, *who was not an authorized driver under the rental contract.* Budget sued McBride and USAA. The court held that La.R.S. 22:1296(A) mandated USAA to provide the same collision coverage for the rental automobile that it provided for McBride's primary vehicles. The permission requirement of the USAA policy for use of non-owned vehicles was not applicable because the statute mandated the same coverage for the rental vehicle as McBride's owned autos. Distinguishing *Simms*, the court pointed out that the insured in *Simms* was not the renter of the vehicle.

10

In *Moldthan v. Krasniak*, 708 So.2d 1187 (La.App. 5 Cir. 1998), Rapp rented a car from Budget under a rental agreement listing Krasniak as an additional driver. The issue was whether Rapp's insurer, General Accident, provided coverage for Krasniak's negligent operation of the rental auto. That court held that La.R.S. 22:1296(A) mandates that Rapp's policy provide the same coverage for vehicles he rents, including liability coverage for persons operating the rental auto *with his permission.*

> We find further support for our interpretation of La. R.S. 22:1406(F) [now La.R.S. 22:1296(A)] in the public policy of this state, adopted and evidenced in numerous statutes recently enacted, mandating automobile insurance coverage for all drivers in this state. The position espoused by General Accident is contrary to that public policy. Under General Accident's argued position, an insured (John Rapp) could rent a vehicle and then turn it over to one without insurance (Krasniak), who could not himself have rented the vehicle, thereby allowing him to drive without insurance coverage. In our view, that scenario is precisely what La.R.S. 22:1406(F) was mandating against.

> Therefore, we find that the trial court erred in granting the summary judgment in favor of General Accident because it is not entitled to judgment as a matter of law.

*Id.* at 1189-90.

We find Allstate is bound by La.R.S. 22:1269 to provide primary coverage where its insured is at fault for causing an accident while driving a temporary substitute vehicle. Accordingly, we reverse the judgment of the trial court granting summary judgment in favor of Allstate and remand the matter to the trial court for further proceedings not inconsistent herewith.

## DECREE

For the reasons set forth, we reverse the judgment of the trial court, deny the summary judgment, and remand the case to the trial court for proceedings consistent herewith. All costs of this appeal are assessed to the Defendant Allstate Insurance Company.

11

**REVERSED AND REMANDED.**