CLARENCE E. McMANUS, Judge.
 

 |3Plaintiffs, Terence Czop and Ryder Truck Rental, Inc., appeal the granting of summary judgment and dismissal of all claims against Pathfinder Insurance Company and Avis Rental Company. For the reasons which follow, we reverse the trial court’s judgment.
 

 STATEMENT OF THE CASE
 

 On June 2, 2008, Terence Czop was involved in an automobile accident while driving a 2001 International tractor, owned by Ryder Truck Rental, Inc. and insured by Old Republic Insurance Company, on 1-10 westbound in Jefferson Parish. Czop was an employee of Moon’s Towing Service, Inc. and was dispatched to service the tractor. Moon’s Towing maintained insurance coverage with Praetorian Specialty Insurance Company. While driving the tractor to remove it from the shoulder of the interstate, Czop was hit by a vehicle being operated by Ervin White, Jr. Czop was in the far right lane of the interstate. White was in the far left lane and he then crossed all lanes of travel and struck the tractor driven by Czop. White was driving a 2008 Ford 150 truck, owned by Avis Rental Company. Avis maintained liability insurance coverage for its rental cars with Pathfinder Insurance Company.
 
 *1257
 
 White was intoxicated at the time of the accident, and was thereafter charged with reckless operation of a motor vehicle and driving while intoxicated. He later pled guilty to these charges.
 

 On May 19, 2009, Czop filed suit against White and Pathfinder seeking damages for the injuries he sustained in the accident. On June 1, 2009, Ryder Truck Rental, Inc. and Ryder Transportation Services also filed a petition for |4damages against White, Avis Rental Car System, and Pathfinder. On August 26, 2009, these two cases were consolidated in the trial court.
 

 On May 7, 2010, Avis and Pathfinder filed a motion for summary judgment. They argued that White was operating the vehicle while intoxicated at the time of the accident and, therefore, he had violated the rental car agreement which automatically terminated the agreement and voided all liability protection. Defendants argued that Avis was the named insured and provided liability protection to authorized drivers who used the rental vehicles in accordance with the terms of the rental agreement. The policy defined an insured to include anyone, other than the named insured Avis, using a covered auto with permission. Defendants argued that White’s reckless operation of the vehicle under the influence of alcohol violated the rental agreement and voided any coverage under the Pathfinder policy.
 

 Avis and Pathfinder further argued that Czop had uninsured/underinsured motorist (“UM”) coverage under Ryder’s Old Republic policy and under Moon’s Towing’s Praetorian policy. Each has a rejection form, rejecting uninsured/underinsured coverage, but Avis and Pathfinder argued these forms were invalid and, therefore, there was UM coverage. Since defendants argued that Czop had no coverage under Avis’ policy, they alleged he’s entitled to UM coverage under Ryder and Moon’s Towing’s policies.
 

 On June 1, 2001, Czop filed a supplemental petition for damages adding Old Republic Insurance Company, Ryder’s insurer, Praetorian Specialty Insurance Company, Moon’s Towing’s insurer, and GEICO, Czop’s insurer, as defendants. On September 27, 2010, Old Republic filed a motion for summary judgment arguing the Old Republic policy affords no UM coverage to Ryder, so Old Republic asserted it was entitled to summary judgment. Old Republic contended |fithe rejection form it executed was valid in form, so rejection of coverage was chosen and initialed by the senior director of insurance operations for Ryder.
 

 All motions for summary judgment were heard in the trial court on October 12, 2010. On October 27, 2010, the trial court issued a judgment granting the motions for summary judgment in favor of Pathfinder, Old Republic, Praetorian, and Avis. The trial court dismissed all claims of plaintiffs against these defendants. Thereafter, the trial court issued a judgment dismissing all claims of Czop against GEICO.
 

 Czop and Ryder now appeal the October 27, 2010 judgment of the trial court granting the motion for summary judgment in favor of Avis and Pathfinder.
 

 DISCUSSION
 

 Czop and Ryder appeal the granting of summary judgment and the dismissal of their claims against Pathfinder and Avis. On appeal, Czop argues the trial court erred in denying that the Pathfinder liability policy provided liability coverage in this case. Czop argues that the trial court should have applied statutory and public policy law on omnibus clauses, to provide liability. Further, Czop contends that White never actually signed the rental
 
 *1258
 
 agreement, therefore, the terms do not apply. Czop also argues that the terms and conditions in the rental agreement would bar coverage for even a simple traffic citation and, thus, the terms of the rental agreement are ambiguous, unconscionable, and unenforceable. Czop further argues that White did not give consent to an adhesion contract. And finally, Czop contends there are genuine issues of material fact. Ryder also appeals the trial court’s granting of summary judgment in favor of Pathfinder and Avis, and adopts the arguments of Czop.
 

 Appellate courts review grants of summary judgment
 
 de novo,
 
 using the same criteria that govern trial court’s consideration of whether summary judgment 14s appropriate, i.e. whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.
 
 Champagne v. Ward,
 
 2003-3211 (La.1/19/05), 893 So.2d 773. In this case, we find the trial court erred in granting summary judgment in favor of Pathfinder and Avis.
 

 In their motion for summary judgment, Avis and Pathfinder argued that the rental agreement signed by White was automatically terminated when he violated the terms of the agreement by driving while intoxicated. Avis and Pathfinder argue that because the agreement was terminated due to a prohibited use of the vehicle, the liability protection for the vehicle was also terminated. The rental agreement provided that Avis was the named insured who provided liability protection to authorized drivers who used rental vehicles in accordance with the terms of the rental agreement. Avis and Pathfinder contend that White’s operation of the vehicle recklessly and under the influence of alcohol violated the rental agreement and voided any coverage under the Pathfinder policy.
 

 Paragraph 5 of the rental agreement, in pertinent part, provided the following:
 

 15.
 
 Prohibited Use of the Car.
 
 Certain uses of the car and other things you or a driver may do, or fail to do, will violate this agreement. A VIOLATION OF THIS PARAGRAPH, WHICH INCLUDES USE OF THE CAR BY AN UNAUTHORIZED DRIVER, WILL AUTOMATICALLY TERMINATE YOUR RENTAL, VOID ALL LIABILITY PROTECTION AND ANY OPTIONAL SERVICES THAT YOU HAVE ACCEPTED, INCLUDING ADDITIONAL LIABILITY INSURANCE, PERSONAL ACCIDENT INSURANCE, PERSONAL EFFECTS PROTECTION AND LOSS DAMAGE WAIVER OR PARTIAL DAMAGE WAIVER. IT ALSO MAKES YOU LIABLE TO U.S. FOR ALL THE PENALTIES, FINES, FORFEITURES, LIENS AND RECOVERY AND STORAGE COSTS, INCLUDING ALL RELATED LEGAL EXPENSES, FEES AND COSTS.
 

 |7It is a violation of this paragraph if:
 

 A. You use or permit the car to be used: 1) by anyone other than the authorized driver, as defined in paragraph 16; 2) to carry passengers or property for hire; 3) to tow or push anything; 4) to be operated in a test, race or contest or on unpaved roads; 5) while the driver is under the influence of alcohol or a controlled substance; 6) for conduct that could properly be charged as a felony or misdemeanor, including the transportation of a controlled substance or contraband; 7) recklessly or while overloaded; 8) if rented in the United States, outside of the United States, or with our
 
 *1259
 
 permission, Canada; or 9) if rented in Canada, outside Canada, or with our permission, the United States; or ...
 

 (Emphasis in original)
 

 It is Avis and Pathfinder’s contention, and the trial court agreed, that White violated this paragraph of the rental agreement by driving while intoxicated and thus, the rental agreement was terminated and all liability protection was voided. We disagree.
 

 LSA-R.S. 22:1296 governs insurance coverage for temporary, substitute, and rental vehicles. LSA-R.S. 22:1296(B) provides that a rental company shall maintain security on all rental vehicles meeting the requirements of the Motor Vehicle Safety Responsibility Law, R.S. 32:851, et. seq. The purpose of this statutory requirement is to protect the victim injured due to the fault of the driver of the rental vehicle. In accordance with LSA-R.S. 22:1296, Avis was required to provide insurance coverage on all rental vehicles, including the truck in question in this case. Paragraph 17 of the rental agreement addresses this requirement and provides, in part:
 

 17.
 
 Liability Protection.
 
 Anyone driving the car that is permitted to drive it by this agreement will be protected against liability for causing bodily injury or death to others or damaging the property of someone other than the driver and/or the renter up to the minimum financial responsibility limits required by the law of the jurisdiction in which the accident occurs ...
 

 1 sAvis did provide liability protection for the vehicle rented to White, as required by LSA-R.S. 22:1296 and stated in paragraph 17 of the rental agreement. However, Avis now attempts to terminate that liability protection due to a violation of the rental agreement. We agree with Czop and Ryder and find the terms of the rental agreement relied upon by Avis as a basis for termination of liability protection to be ambiguous and unconscionable. Czop and Ryder are correct in their assertion on appeal that a mere traffic violation could arguably be a violation of the rental agreement resulting in termination of the rental agreement and termination of liability coverage. Louisiana law clearly requires insurance coverage even on rental vehicles and we believe that to allow termination of coverage based on a violation of the rental agreement is against public policy. We find Avis and Pathfinder are not entitled to summary judgment in this matter.
 

 We further note that Czop and Ryder are also correct in their assertion that the rental agreement, provided as an exhibit and attached to the memorandum in support of the motion for summary judgment, is not signed by White and provides no indication that he actually agreed to its terms. White’s name does not appear on the document and the document is not dated. Thus, we also find genuine issues of material fact regarding the actual rental agreement entered into by White.
 

 For the reasons discussed above, we find summary judgment is not appropriate in this case. We reverse the trial court’s granting of summary judgment in favor of Pathfinder and Avis and remand this matter to the trial court for further proceedings.
 

 REVERSED