## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-107

**THELMA M. HODGES AND MARCUS J. McCOY**

**VERSUS**

**MICHAEL A. TAYLOR**

************

## APPEAL FROM THE
## THIRTY-FIRST JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON DAVIS, NO. C-753-08
## HONORABLE STEVE GUNNELL, DISTRICT JUDGE

************

## J. DAVID PAINTER
## JUDGE

************

Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

Roy H. Maughan, Jr.
Namisha D. Patel
634 Connell's Park Lane
Baton Rouge, LA 70806
Counsel for Plaintiffs-Appellants:
    Thelma Hodges and Marcus McCoy

Walter K. Jamison, III
Marjorie B. Breaux
Bryan Lege
600 Jefferson St., Ste. 410
Lafayette, LA 70501
Counsel for Defendant-Appellee:
    Navarre Chevrolet, Inc.

**PAINTER, Judge**

Plaintiffs, Thelma Hodges and Marcus McCoy, appeal the trial court's grant of the motion for summary judgment filed by Defendant, Navarre Chevrolet, Inc. (Navarre). The trial court found that no question of fact remained and that La.R.S. 32:862 did not give rise to a duty on the part of Navarre to protect Plaintiffs from the injuries they suffered. Finding that a question of fact remains, we reverse and remand for further proceedings.

## FACTS

Plaintiffs allege in their original petition that, on December 21, 2007, they were involved in a vehicular collision with Michael A. Taylor. The accident occurred when the vehicle Taylor was driving southbound on U.S. Hwy. 165 crossed the center line, struck the left side of a commercial vehicle, rotated counter-clockwise, hit another vehicle, rotated further, and hit the vehicle driven by Hodges with McCoy as a passenger. Taylor was driving a 2007 Chevrolet Silverado that he bought from Navarre on November 7, 2007, and he had no liability insurance.

Plaintiffs first filed suit against Taylor and later amended their petition to name Navarre as an additional defendant, alleging that Navarre failed in its statutory duty under La.R.S. 32:862 to secure an affidavit from the buyer of a new or used vehicle attesting that the buyer had appropriate insurance coverage on the vehicle. Navarre filed a Motion for Summary Judgment alleging that no question of fact remained and that Navarre was entitled to summary judgment as a matter of law because it had complied with its statutory duty under La.R.S. 32:862 and that its duty under that statute did not extend to third parties injured by an uninsured motorist. Plaintiffs appeal.

1

## DISCUSSION

*Summary Judgment*

An appellate court reviews summary judgments de novo, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

*State v. Louisiana Land and Exploration Co.*, 10-1341, p. __ (La.App. 3 Cir. 2/1/12), ___ So.3d ___, ___.

The trial court herein found that:

After reviewing the memoranda, affidavits, and arguments of counsel, the Court finds that there is no genuine issue of material fact remaining and that NAVARRE is entitled to judgment in its favor. NAVARRE contends that when it sold the vehicle to TAYLOR it obtained an affidavit of proof of insurance in compliance with LSA R.S. 32:862 on November 7, 2007, before the December 2007 accident at issue in this case occurred. In the affidavit, TAYLOR swore or affirmed that he had and would maintain during the registration period vehicle liability insurance required under Louisiana law. After the affidavit was executed, NAVARRE sent it to the Office of Motor Vehicles. Thus, NAVARRE argues that it complied with the Compulsory Motor Vehicle Safety Responsibility Law.

Furthermore, NAVARRE also argues that even if it had not complied with LSA R.S. 32:862, it would have no duty that would have extended to the plaintiffs. NAVARRE cites *Fugler v. Daigle* [,555 So.2d. 15 (La.App. 1 Cir. 1990)] in which the First Circuit Court of Appeal stated that the purpose of any duty imposed on the dealership defendant is to obtain a form confirming liability coverage and that duty did not include within its scope the protection of third parties injured by the motorist.

When reviewing the record, the Court notes that there is no evidence to even suggest that TAYLOR did not execute the affidavit dated November 7, 2007 that was introduced into evidence. As a result, NAVARRE was in compliance with LSA R.S. 32:862 by having TAYLOR execute the affidavit for proof of insurance. Moreover, the plaintiffs have not introduced any

persuasive evidence that NAVARRE owed a duty to protect third parties from drivers without insurance or to keep uninsured drivers off the roads. Consequently, the Motion for Summary Judgment filed on behalf of NAVARRE CHEVROLET, INC. is hereby granted.

Therefore, this court will examine the duty imposed by the statute and whether Navarre breached that duty.

*Duty imposed by La.R.S. 32:862*

The question of whether La.R.S. 32:862 imposes a duty which extends to injured third parties is a question of law rather than a question of fact.

Louisiana Revised Statutes 32:862 provides in pertinent part:

B. (1) The commissioner shall adopt rules to implement the provisions of this Section. The rules shall provide that documentation of insurance or other security shall be required for proof of compliance. The rules shall require that the original or a copy of one of the following documents be produced as documentation of insurance: an insurance card; an insurance policy; or the declarations page of the insurance policy showing coverages. The rules shall require insurance and security companies to issue cards or similar documents which indicate the existence of insurance or security coverage, may establish the form for the cards or similar documents, and may establish the form for the written declarations required by this Section.

(2) The provisions of this Subsection with regard to the documentation of insurance requirements shall not apply to new and used automobile dealers as defined by law. However, the rules shall provide for the use of affidavits to prove compliance when registration is sought by a licensed new or used motor vehicle dealer on behalf of a customer.

The original title of the Motor Vehicle Safety Responsibility Law included language indicating that its purpose was "to eliminate the reckless and irresponsible driver from the highways, and to provide for the giving of security and proof of financial responsibility by owners and operators of motor vehicles; . . . the security following an accident; proof of financial responsibility for the future . . . ." The courts of this state have found that the

3

purpose of the law is to protect those injured by the fault of another driver. *See Marcus v. Hanover Ins. Co., Inc.,* 98-2040 (La. 6/4/99), 740 So.2d 603; *Czop v. White*, 11-310 (La.App. 5 Cir. 12/28/11), 80 So.3d 1255; *Mednick v. State Farm Mut. Auto. Ins. Co.*, 09-183 (La.App. 5 Cir. 1/26/10), 31 So.3d 1133. Given this purpose, we find that the duties imposed by the statute extend to third parties injured by the fault of another driver, since those are specifically the people the law is meant to protect. We further note that *Fugler*, 555 So.2d 15, cited by Navarre for the proposition that any duty imposed on car dealerships does not extend to third parties, was overruled by the Louisiana Supreme Court at 558 So.2d 246 (La. 1990).

Although the statute states that the rules regarding documentation do not apply to licensed new or used car dealers, it further provides that when dealers seek registration of vehicles on behalf of buyers, they may use affidavits to show compliance with the statutory requirements. If a dealer seeks registration, it must see to it that the requirements of the statute are met whether by affidavit or other means.

Accordingly, the duty imposed on Navarre to comply with La.R.S. 32:862 extends to protecting those injured by Taylor.

*Breach of duty*

Having found that La.R.S. 32:862 imposes a duty on a car dealer which extends to third parties, we must determine whether a question of fact remains as to whether Navarre breached that duty.

Navarre asserts that it fulfilled its duty under the statute when it had Taylor sign the attestation contained on the Louisiana Department of Public Safety and Corrections Vehicle Application which states that:

4

> I do swear or affirm that the information contained in this document is true and correct to the best of my knowledge.
>
> I have and will maintain, during this registration period, vehicle liability insurance (security) required by LRS Title 32:861-865. Failure to maintain as agreed will be a violation of law which may result in criminal prosecution and/or suspension of registration privileges.
>
> If the vehicle being registered is defined as a commercial motor vehicle by the Federal Motor Carrier Safety Regulation and/or Federal Hazardous Material Regulations, by signature below registrant declares knowledge of those federal regulations.

The copy of the form submitted in support of the motion for summary judgment carries, after this statement, the signature of Michael Taylor. The signature is unwitnessed and unnotarized. Counsel for Navarre conceded at oral argument that this was not an affidavit. Further, below the signature lines, the form contains the further language as follows: "PROOF OF LIABILITY INSURANCE MUST BE FURNISHED AS PROVIDED FOR BY LAW BEFORE THIS FILE CAN BE PROCESSED."

While the deposition of a representative of Navarre indicates that it is the practice of Navarre to require proof of insurance and make a copy of the insurance card, there is nothing of record to indicate that the salesman, or any other representative of Navarre, obtained proof of insurance from Taylor. The deposition of James Soileau, the salesman who sold Taylor the vehicle, holds no indication that he talked to Taylor until the day after the vehicle was delivered. Soileau called Taylor the next day, to obtain a policy number and the name of an insurance agent. He called the insurance agent and found out that the policy had been canceled in September 2007. Soileau testified that he was unable to contact Taylor after that. He further indicated that someone in the business office might have talked to Soileau about insurance. According to the deposition testimony of Vicki Saxby,

comptroller for Navarre, the salesman should have gotten a copy of the insurance card. Further, it appears that Navarre may have submitted the vehicle application to the state knowing that Taylor's previous insurance had been cancelled and without proof that he had obtained other insurance.

In light of the lack of any showing that Taylor provided proof of insurance in connection with his signature on the state-provided vehicle application form, which Navarre submitted on his behalf, we find that issues of fact remain with regard to Navarre's compliance with the statute so as to constitute a breach of its duty under the statute.

## CONCLUSION

Accordingly, we reverse the grant of summary judgment. This matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed to Defendant, Navarre Chevrolet, Inc.

**REVERSED AND REMANDED.**