PER CURIAM.
h We granted certiorari in this matter in order to determine whether the court of appeal had erred in finding that La. R.S. 32:862 imposes a duty upon automobile dealers, which extends to third parties injured in automobile accidents, to ensure that their customers abide by automobile liability insurance requirements. Because the plain language of the statute in question does not impose such a duty on automobile dealers, we reverse the ruling of the court of appeal and reinstate the judgment of the trial court.
The facts of this case show that on December 21, 2007, Thelma Hodges and Marcus McCoy (plaintiffs) were involved in an automobile accident with Michael A. Taylor. Taylor was driving a 2007 Chevrolet Silverado that he had bought from Navarre Chevrolet (Navarre) on November 7, 2007, and he had no liability insurance.
Plaintiffs filed suit against Taylor and later amended their petition to name Navarre as an additional defendant. Plaintiffs specifically alleged that Navarre had failed in a statutory duty under in R.S. 32:862 to secure an affidavit from a buyer of a new or used vehicle attesting that the buyer had appropriate insurance coverage on Lthe vehicle. Navarre filed a Motion for Summary Judgment alleging that no question of fact remained and that Navarre was entitled to summary judgment as a matter of law because it had complied with its statutory duty under R.S. 32:862.
The trial court granted Navarre’s motion for summary judgment. The court of appeal reversed, holding that the purpose of R.S. 32:862 was “to protect those injured by the fault of another driver.” Hodges v. Taylor, 12-107, p.4 (La.App. 3 Cir. 6/6/12), 91 So.3d 1259, 1261. Given that purpose, the court of appeal further found:
Although [R.S. 32:862] states that the rules regarding documentation do not apply to licensed new or used car dealers, it further provides that when dealers seek registration of vehicles on behalf of buyers, they may use affidavits to show compliance with the statutory requirements. If a dealer seeks registration, it must see to it that the requirements of the statute are met whether by affidavits or other means.”
Hodges, p. 4, 91 So.3d at 1261. Finally, the court of appeal held that there were questions of fact as to (1) whether Navarre had breached the duty, as Taylor had not signed an “affidavit,” but had merely signed the vehicle registration form without a witness or notarization, and (2) whether Taylor had provided any documentation that he possessed liability insurance.
R.S. 32:862 reads in pertinent part:
§ 862. Proof of compliance
A. As used in this Section, the phrase “proof of compliance” means proof of compliance with the requirements of the *447 Motor Vehicle Safety Responsibility Law, R.S. 32:851 et seq., and the rules adopted under that law.
B.(l) The commissioner shall adopt rules to implement the provisions of this Section. The rules shall provide that documentation of insurance or other security shall be required for proof of compliance. The rules shall require that the original or a copy of one of the following documents be produced as documentation of insurance: an insurance card; an insurance policy; or the declarations page of the insurance policy showing coverages. The rules shall require insurance and security companies to issue cards or similar documents which indicate the existence of insurance or security coverage, may establish the form for the cards or similar documents, and may establish the form for the written declarations required by this Section.
|s(2) The provisions of this Subsection with regard to the documentation of insurance requirements shall not apply to new and used automobile dealers as defined by law. However, the rules shall provide for the use of affidavits to prove compliance when registration is sought by a licensed new or used motor vehicle dealer on behalf of a customer.
The plain language of the statute imposes a duty on “the commissioner [Department of Public Safety]” to adopt certain rules, among them a rule requiring documentation of proof of insurance in order to register an automobile. The statute further states, though, that “[t]he provisions of this Subsection with regard to the documentation of insurance requirements shall not apply to new and used automobile dealers,” and “the rules shall provide for the use of affidavits to prove compliance when registration is sought by a licensed new or used motor vehicle dealer on behalf of a customer.” The statute, then, imposes a duty on the commissioner to create rules, one of which should require documentation of proof of insurance, but does not impose a duty on any other person or entity.
Neither the plaintiffs nor the court of appeal have pointed to any “ride” promulgated by the commissioner which purports to impose a duty on new or used automobile dealers. The Department of Public Safety, however, provides to automobile dealers a registration form for their use when seeking vehicle registration for a customer. Assuming that this form constitutes a “rule,” the form contains a section which reads:
I do swear or affirm that the information contained in this document is true and correct to the best of my knowledge. I have and will maintain, during this registration period, vehicle liability insurance (security) required by LRS Title 32:861-865. Failure to maintain as agreed will be a violation of law which may result in criminal prosecution and/or suspension of registration privileges.
If the vehicle being registered is defined as a commercial motor vehicle by the Federal Motor Carrier Safety Regulation and/or Federal Hazardous Material Regulations, by signature below registrant declares knowledge of those federal regulations.
PROOF OF LIABILITY INSURANCE MUST BE FURNISHED AS | PROVIDED FOR BY LAW BEFORE THIS FILE CAN BE PROCESSED.
Hodges, p. 5, 91 So.3d at 1262. This section of the registration application contains no requirement that the customer’s signature be witnessed or notarized (and no place for a witness or notary to sign). Further, because R.S. 32:862 exempts automobile dealers from the documentation *448 of insurance requirements, the only proof of liability insurance required by law (or rule) apparently consists of the customer signing the form affirming that he has insurance and that he will maintain insurance in accordance with the law, as contained on the application.
R.S. 32:862 requires the Department of Public Safety to promulgate rules to enforce the Motor Vehicle Safety Responsibility Law, one of which should require customers to sign an affidavit attesting to their possession and maintenance of vehicle liability insurance. If the commissioner has failed to produce such a rule, it is the fault of the commissioner, and not the automobile dealers.
WRIT GRANTED; REVERSED and DISTRICT COURT JUDGMENT REINSTATED.