STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**13-1010**


THELMA M. HODGES, ET AL.

VERSUS

MICHAEL A. TAYLOR, ET AL.


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-753-08
HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE

**********

**JIMMIE C. PETERS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and John D. Saunders and Jimmie C. Peters, Judges.


**AFFIRMED.**


**Roy H. Maughan, Jr.**
**The Maughan Law Firm**
**634 Connell's Park Lane**
**Baton Rouge, LA 70806**
**(225) 926-8533**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Thelma M. Hodges**
     **Marcus J. McCoy**

James D. "Buddy" Caldwell
Attorney General
Michael W. Landry
Adam L. Ortego
Assistant Attorneys General
One Lakeshore Dr., Suite 1200
Lake Charles, LA 70629
(337) 491-2880
COUNSEL FOR DEFENDANT /APPELLANT:
    State of Louisiana, Dept. of Public Safety and Corrections

Bryan E. Lege
Kraft, Gatz, Lane
600 Jefferson St., Suite 410
Lafayette, LA 70501
(337) 706-1818
COUNSEL FOR DEFENDANT/APPELLEE:
    Navarre Chevrolet, Inc.

**PETERS, J.**

The plaintiffs in this matter, Thelma Hodges and Marcus J. McCoy, appeal the trial court's grant of a peremptory exception of no cause of action dismissing their claims against the State of Louisiana, Through the Department of Public Safety and Corrections (DPS). DPS also appeals the trial court judgment rejecting its peremptory exception of prescription. For the following reasons, we affirm the trial court judgment.

## DISCUSSION OF THE RECORD

The matter now before us has as its origin a December 21, 2007 four-vehicle automobile accident which occurred on U.S. Highway 165 in Jefferson Davis Parish. On September 11, 2008, Thelma Hodges, the driver of one of the vehicles involved in the accident, and Marcus J. McCoy, her guest passenger filed suit against Michael A. Taylor, the driver of one of the other three vehicles. In their petition, Ms. Hodges and Mr. McCoy asserted that the accident was caused solely by Mr. Taylor's negligence. Mr. Taylor did not respond to the petition, and, on November 20, 2008, the two plaintiffs caused a preliminary default to be entered against him.

Mr. Taylor had purchased the vehicle he was driving at the time of the accident from Navarre Chevrolet, Inc. (Navarre Chevrolet) on November 7, 2007, and, on October 26, 2009, the plaintiffs amended their petition to name Navarre Chevrolet as a party defendant. Ms. Hodges and Mr. McCoy based their claims against Navarre Chevrolet on the fact that Mr. Taylor's vehicle was not insured for liability purposes at the time of the accident. The plaintiffs asserted in their amending petition that Navarre Chevrolet had a statutory duty pursuant to La.R.S. 32:862 to obtain an affidavit from Mr. Taylor "attesting to compliance with the Compulsory Motor Vehicle Safety Responsibility Law" before selling him a

vehicle and that it failed to do so. They claimed that this negligent failure on the part of Navarre Chevrolet to comply with the statute allowed Mr. Taylor to operate a vehicle on the Louisiana highways "to the Plaintiffs' detriment."

Navarre Chevrolet responded to this amended petition by filing a motion for summary judgment. In support of its motion, Navarre Chevrolet provided the trial court with what it described as a completed copy of the Louisiana Department of Public Safety and Corrections Vehicle Application form executed by Mr. Taylor, which states in pertinent part:

> I do swear or affirm that the information contained in this document is true and correct to the best of my knowledge.
>
> I have and will maintain, during this registration period vehicle liability insurance (security) required by LRS Title 32:861-865. Failure to maintain as agreed will be a violation of law which may result in criminal prosecution and/or suspension of registration privileges.
>
> If the vehicle being registered is defined as a commercial motor vehicle by the Federal Motor Carrier Safety Regulation and/or Federal Hazardous Material Regulations, by signature below registrant declared knowledge of those federal regulations.

This language is followed by the signature of Mr. Taylor which was neither witnessed nor notarized. Below the signature line, the form provides that "PROOF OF LIABILITY INSURANCE MUST BE FURNISHED AS PROVIDED FOR BY LAW BEFORE THIS FILE CAN BE PROCESSED."

After a hearing on the motion, the trial court took the matter under advisement. On October 26, 2011, the trial court issued written reasons for judgment granting Navarre Chevrolet's motion and dismissing the claims against it. In its written reasons for judgment, the trial court found that Mr. Taylor's signature on the form provided Navarre Chevrolet by the Louisiana Department of Public Safety and Corrections Vehicle Application satisfied the affidavit requirements of La.R.S. 32:862. Based on the record, the trial court factually found that Navarre

2

Chevrolet complied with La.R.S. 32:862, but went further to conclude that "the plaintiffs have not introduced any persuasive evidence that NAVARRE owed a duty to protect third parties from drivers without insurance or to keep uninsured drivers off the roads."

Ms. Hodges and Mr. McCoy appealed that judgment, and a panel of this court reversed the trial court's judgment, finding that La.R.S. 32:862 did impose a duty on Navarre Chevrolet to protect third parties from uninsured drivers; that the document relied on by Navarre Chevrolet was not in affidavit form; and that there existed other genuine issues of material fact which precluded the grant of a summary judgment. *Hodges v. Taylor*, 12-107 (La.App. 3 Cir. 6/6/12), 91 So.3d 1259, prior to reversal. The supreme court, however, reversed the decision of this court and reinstated the trial court judgment dismissing Navarre Chevrolet from the litigation. *Hodges v. Taylor*, 12-1581 (La. 11/2/12), 101 So.3d 445. In doing so, the supreme court found that La.R.S. 32:862 did not impose any duty on an automobile dealer which would extend to the protection of third parties from injuries they sustained at the hands of an uninsured driver.

Ms. Hodges and Mr. McCoy then amended their petition on November 29, 2012, to add DPS as a party defendant. The plaintiffs asserted as the basis of DPS's liability their position that "the official 'Vehicle Application' form provided for use by the Department of Public Safety when registering the purchase of a motor vehicle . . . did not comply with the requirements of Louisiana Revised Statue 32:862." Specifically, the plaintiffs asserted that DPS violated its "affirmative duty . . . to promulgate rules to enforce the Motor Vehicle Safety Responsibility Law, particularly rules to require documentation of proof of compliance with the Motor Vehicle Safety Responsibility Law from those making application . . . for registration in this State." The failure of DPS to fulfill its

3

statutory duty, the plaintiffs asserted, allowed uninsured drivers such as Mr. Taylor to drive on Louisiana highways and "cause injuries to innocent victims."

On January 16, 2013, DPS responded to the amending petition by filing peremptory exceptions of no cause of action and prescription. Following a June 11, 2013 hearing, the trial court took the issues under advisement. Fifteen days later, on June 26, 2013, the trial court filed written reasons for judgment granting the exception of no cause of action and rejecting the exception of prescription. The trial court executed a judgment to this effect on July 11, 2013, and both the plaintiffs and DPS perfected appeals.

In their appeal, Ms. Hodges and Mr. McCoy assigns seven assignments of error all asserting that the trial court erred in granting the exception of no cause of action. Basically, they argue that DPS has not enacted provisions concerning affidavits as is its statutory duty; that the document signed by Mr. Taylor was not in affidavit form; that the trial court relied on evidence outside the petition to grant the exception; and that some of the evidence relied on by the trial court had not been introduced in support of the exception.

In its appeal, DPS asserts that the trial court correctly granted the exception of no cause of action, but erred in rejecting its peremptory exception of prescription.

**OPINION**

Because the peremptory exception of no cause of action "raises a question of law and the lower court's decision is necessarily based solely on the sufficiency of the petition[,]" we review the grant of the exception under a *de novo* standard. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264, p. 9 (La. 5/10/11), 63 So.3d 940, 946 (citations omitted). "The pertinent question is whether, in the light most favorable to plaintiff and with every

4

doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." *Id.* "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931.

The claims by Ms. Hodges and Mr. McCoy in their pleadings question DPS's compliance or lack of compliance with the duties imposed by La.R.S. 32:862 as that statute relates to preventing uninsured motorists from driving on the highways of this state. Louisiana Revised Statutes 32:862 is a part of what is generally referred to as the Louisiana Motor Vehicle Safety Responsibility Law, La.R.S. 32:851 *et seq.* Louisiana Revised Statutes 32:861(A)(1) establishes the requirement that all general purpose motor vehicles registered in Louisiana "shall be covered by an automobile liability policy" or other form of security[1] providing the limits of liability required by statute. The duty to maintain such liability coverage "shall be the duty of the registered owner of a motor vehicle," and his or her failure to maintain the appropriate coverage will subject the owner to statutory sanctions. La.R.S. 32:861(A)(2).

Louisiana Revised Statutes 32:862 establishes the duty owed by the registered owner of a vehicle to show proof of compliance as well as the duty imposed on DPS in adopting certain forms for use in the process.[2] As it relates to the matter before us, La.R.S. 32:862 (emphasis added), reads in pertinent part:

> B(1) The commissioner shall adopt rules to implement the provisions of this Section. The rules shall provide that documentation of insurance or other security shall be required for proof of

[1] The statute provides other ways of meeting the liability responsibility generally covered by the liability insurance policy, but they are not applicable to the matter now before us.

[2] While that statute gives the responsibility for adopting the appropriate forms to be used in conjunction with proof of compliance to the "commissioner," La.R.S. 32:851(1) states that for the purpose of the Motor Vehicle Safety Responsibility Law, "[c]ommissioner means the Department of Public Safety and Corrections." Thus, we will continue to refer to DPS as the party at interest in this litigation.

compliance. The rules shall require that the original, a photocopy, or an image displayed on a mobile electronic device, of one of the following documents be produced as documentation of insurance: an insurance card; an insurance policy; or the declarations page of the insurance policy showing coverages. The rules shall require insurance and security companies to issue cards or similar documents, or an image of the card or similar documents capable of being displayed on a mobile electronic device, which indicate the existence of insurance or security coverage, may establish the form for the cards or similar documents, and may establish the form for the written declarations required by this Section.

(2) The provisions of this Subsection with regard to the documentation of insurance requirements shall not apply to new and used automobile dealers as defined by law. However, *the rules shall provide for the use of affidavits to prove compliance when registration is sought by a licensed new or used motor vehicle dealer on behalf of a customer.*

. . . .

C. *Each person* who applies for the registration of a motor vehicle, or who applies for the renewal of a registration of a motor vehicle, or who applies for a motor vehicle inspection certificate *shall provide proof of compliance and shall declare in writing that the applicant will remain in compliance during the time for which the registration, the renewal of registration, or the certificate is issued.*

. . . .

H. *No action taken by any person*, whether private citizen or public officer or employee, *with regard to* any license, *registration*, or inspection certificate, or with regard to any document or electronic image which indicates compliance with this Part, *shall* create a presumption of the existence of insurance coverage, or be construed by any court as a warranty of the reliability or accuracy of the document or electronic image, or *create any liability on the part of the state, or on the part of any department, office, or agency of the state, or on the part of any officer, employee, or agent of the state.*

In their petition, Ms. Hodges and Mr. McCoy assert that DPS failed in its duty to adopt the rules envisioned by La.R.S. 32:862(B), and that this failure "allowed Michael Taylor to ultimately take to the highways of the State of Louisiana without automobile liability insurance coverage and inflict severe injury on Petitioners." Specifically, they assert that DPS failed to adopt a rule providing for the use of an affidavit of a licensed motor vehicle dealer as allowed by La.R.S.

6

32:862(B)(2). Instead, according to the petition, DPS provided a form for the dealers to use which did not satisfy affidavit form in that it did not provide a place for a witness or notary to sign. Thus, when Navarre Chevrolet acted for Mr. Taylor in attempting to register the vehicle it sold to him, it did not provide the affidavit contemplated by La.R.S. 32:862(B)(2) because DPS had not adopted such a form in accordance with its statutory duty.

With regard to the exception of no cause of action, the trial court stated in its written reasons for judgment:

> [T]he exception of no cause of action is granted. The plaintiffs are arguing that the basis of their claim is the statute itself and not the "vehicle application" form. However, LOUISIANA has enacted provisions concerning affidavits attesting to insurance coverage and an affidavit in this case was executed by the buyer of vehicle at the dealership. Consequently, as argued by LOUISIANA, the Court cannot find a basis for liability under LA R.S. 32:862(H).

As is the case with this court, the trial court found itself in the unique situation of having to consider an exception of no cause of action in a record wherein many of the factual assertions made by Ms. Hodges and Mr. McCoy against DPS had been litigated in their claims against Navarre Chevrolet. Ms. Hodges and Mr. McCoy assert generally throughout their argument in their assignments of error that the trial court erred in considering facts established in the Navarre Chevrolet phase of the litigation. We have to agree with that argument as we are clearly limited to their pleadings only in considering this exception. La.Code Civ.P. art. 931. However, in reviewing the matter *de novo*, we find that the trial court reached the correct conclusion.

Ms. Hodges and Mr. McCoy assert a claim of negligence against DPS, and we must consider the cause of action pursuant to the duty-risk analysis. *Boykin v. Louisiana Transit Co., Inc.*, 96-1932 (La. 3/4/98), 707 So.2d 1225. The duty-risk

7

analysis requires consideration of five separate elements, all of which must be met

for the plaintiff to recover:

> This negligence case is properly examined under the duty-risk analysis. The determination of liability in a negligence case usually requires proof of five separate elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). David W. Robertson et al., *Cases and Materials on Torts* 83-84 (1989); *Fowler v. Roberts,* 556 So.2d 1 (La.1989)(on original hearing).

*Id.* at 1230 (footnote omitted).

In the context of the case now before us, we must consider whether the well-pleaded facts set forth in the petition of Ms. Hodges and Mr. McCoy, standing alone, state a cause of action against DPS. We find that they do not.

It is undisputed that DPS had a statutory duty "to adopt rules to implement the provisions of" the Louisiana Motor Vehicle Safety Responsibility Law with regard to showing proof of compliance with the financial responsibility aspects of that law. La.R.S. 32:862(B)(1). That duty includes adopting rules to "provide for the use of affidavits to prove compliance when registration is sought by a licensed new or used motor vehicle dealer on behalf of a customer." La.R.S. 32:862(B)(2). Accepting the well-pleaded facts of the petition of Ms. Hodges and Mr. McCoy as true, DPS did breach the duty imposed on it by La.R.S. 32:862(B)(2) in that the form provided to the licensed motor vehicle dealer is not in affidavit form.[3]

The analysis of the third element of the duty-risk analysis, the cause-in-fact element, "generally involves a 'but-for' inquiry which questions whether or not the

---

[3] While there is no statutory definition that covers all forms of affidavits, Black's Law Dictionary defines an affidavit as "a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." BLACK'S LAW DICTIONARY 62 (8th ed. 2004).

8

injury would have occurred 'but for' the defendant's substandard conduct." *Petre v. State ex rel. DOTD,* 00-545, p. 8 (La.App. 3 Cir. 12/29/00), 775 So.2d 1252, 1259, *aff'd*, 01-876 (La. 4/3/02), 817 So.2d 1107. Similarly, the scope-of-protection element of the duty-risk analysis involves whether the risk of harm to the plaintiffs falls within the scope of protection afforded by the duty at issue. *Id.* We find that the petition of Ms. Hodges and Mr. McCoy fails to state a cause of action as to either of these two elements.

Ms. Hodges and Mr. McCoy do not assert that Navarre Chevrolet did not use the form provided by DPS for registration under La.R.S. 32:862(B)(2), but rather that the form provided for a private signature execution and not an affidavit execution. However, there is nothing to suggest that had the form been promulgated for Mr. Taylor's signature under oath, he would not have signed the form, and had he done so, the vehicle would still have been sold to him by Navarre Chevrolet. Thus, DPS's breach of duty as asserted in the petition fails to establish a cause of action satisfying the cause-in-fact and scope-of-protection elements of the duty-risk analysis.

Reaching the conclusion that Ms. Hodges and Mr. McCoy fail to state a cause of action for negligence under the duty-risk analysis precludes any need to consider the effect of the statutory prohibition against liability as set forth in La.R.S. 32:862(H) and renders moot DPS's assignment of error addressing the trial court's denial of its peremptory exception of prescription.

**DISPOSITION**

For the foregoing reasons, we affirm the trial court's grant of the peremptory exception of no cause of action dismissing the claims of Thelma M. Hodges and Marcus J. McCoy against the State of Louisiana, through the Department of Public

9

Safety and Corrections. We assess all costs of this appeal to Thelma M. Hodges and Marcus J. McCoy.

**AFFIRMED.**